as to the percentage of fault attributable to the plaintiff "was disproportionate to the evidence as the Court views it in the exercise of his independent judgment."

After considering the defendants' oral argument and supplemental brief, we find that no cause has been shown. Consequently, the defendants' appeal is denied and dismissed, and the case is remanded to the Superior Court for a new trial. *Capalbo & Capalbo, Thomas J. Capalbo, Thomas J. Capalbo, Jr.*, for plaintiffs. *Carroll, Kelly & Murphy, Dennis S. Baluch*, for defendants.

December 13, 1979.

M. P. No. 79-410. CENTREDALE SIGN COMPANY *v.* JOHN H. NORBERG, TAX ADMINISTRATOR OF THE STATE OF RHODE ISLAND. The petition for writ of certiorari is denied.

Mr. Justice Doris did not participate. *John D. Lynch*, for petitioner, *Dennis J. Roberts II*, Attorney General, *William G. Brody*, Assistant Attorney General, *Perry Shatkin*, Chief Legal Officer (Taxation), for respondent.

M. P. No. 79-439. PAUL O. BOGHOSSIAN, JR. *et al. v.* WHITE, WELD & Co., INCORPORATED *et al.* The petition for writ of certiorari is denied.

Mr. Justice Doris did not participate. *Abedon, Michaelson, Stanzler, Biener, Skolnik & Lipsey, Julius C. Michaelson, Jeffrey J. Teitz*, for plaintiffs-respondents, *Hanson, Curran & Parks, William A. Curran, Robert D. Parrillo*, for defendants-petitioners.

M. P. No. 79-461. IN THE MATTER OF NORMA M. The petition for writ of certiorari is denied.

Mr. Justice Doris did not participate. *Stephen C. Bridge*, Assistant Public Defender, for petitioner, *Chester Lupton*, Legal Counsel, Child Welfare Services, for respondents.

M. P. No. 79-462. IN THE MATTER OF NORMA M. The petition for writ of habeas corpus is denied.

Mr. Justice Doris did not participate. *Stephen C. Bridge,* Assistant Public Defender, for petitioner, *Chester Lupton,* Legal Counsel, Child Welfare Services, for respondents.

Appeal No. 78-52. EASTERN SCIENTIFIC CO. *v.* PLEASANT VIEW NURSING HOME, INC. *v.* CARROM FURNITURE DIVISION OF AFFILIATED HOSPITAL PRODUCTS, INC. This is an action for monies due and payable on book account. The defendant counterclaimed by alleging breach of an agreement concerning delivery of certain hospital supplies and furnishings. The plaintiff impleaded its supplier as a third party defendant. The defendant moved to amend its counterclaim to add the supplier as a party to the counterclaim. This motion was granted but the amended counterclaim was not filed for a period of thirteen months due to unexplained delay on the part of the defendant.

After said filing, the third party defendant moved to strike the amended counterclaim on the ground that this unreasonable delay had interfered with its ability to defend. The motion was granted.

When the matter came on for trial, a justice of the Superior Court denied a motion to reargue the striking of the amended counterclaim, and granted plaintiff's motion to narrow the issues, holding that only the complaint was properly before the court, and that no counterclaim could be considered. Faced with the elimination of its counterclaim, the defendant stipulated to judgment on the complaint but reserved its right of appeal if any.

On this record we issued an order to the plaintiff to show cause why the defendant's appeal should not be sustained and the matter remanded for trial on the counterclaim and third party complaint. We heard argument pursuant to this show cause order on December 5, 1979. We are of the opinion that the plaintiff has failed to show cause why this matter should not be remanded for hearing on the defendant's original counterclaim and the third party complaint. We believe that the trial justice was in error in not allowing the defendant to go forward on its original counterclaim although it